LAWRENCE W. DUMAS v. GREEN B. HARDWICK.

In a suit by the payee of a note for a certain amount of money, payable at a certain time after date, with a stipulation that it might be discharged in groceries at cash prices at a certain place, it was held that it was not necessary for the plaintiff to allege a demand of the groceries ; and further, that a plea by the maker, that he was ready at the time and place to discharge the obligation in groceries at cash prices, was bad for want of the further allegation, that he notified the plaintiff before the maturity of the note, that he elected to discharge the note in that way.

Where a pleading is excepted to on special grounds, and the exception is sustained, it would seem that the ruling will be sustained if the pleading be liable to general demurrer, although the special objections be not well taken.

Appeal from Anderson. Tried below before the Hon. John H. Reagan.

Suit by appellee against appellant on a promise in writing, as follows :

$225 00. On or before the first day of July next, I promise to pay to the order of G. B. Hardwick, two hundred and twenty five dollars, for value received, which may be discharged in groceries, at Magnolia, at the cash selling prices, this March 28th, 1854.                                        L. W. DUMAS.

Dumas v. Hardwick.

The petition alleged that defendant, " did on the first day of July, 1854, fail and refuse to pay said groceries or any part thereof, and hath since wholly failed to pay said sum. of money in said promissory note specified, or any part thereof, and still doth fail and refuse," &c.

Defendant denied that he had refused to discharge said writing obligatory in groceries at Magnolia at the cash selling prices, according to the tenor and effect of said writing. Defendant states that at the time said note became due, to-wit, the 1st day of July, 1854, and ever since, he, the defendant, has always been ready and willing, and still is ready and willing to discharge and pay said note in groceries at Magnolia at cash selling prices ; that ever since said note fell due he has always had on hand a sufficient supply of groceries at his store house in Magnolia to discharge said note, yet the said plaintiff has hitherto failed to present said note for payment to defendant at Magnolia, or to make a demand of said. groceries at Magnolia thereby preventing and denying the defendant the right to discharge said note in groceries as he had a right to do according to its tenor and effect. All of which he is ready to verify.

The plaintiff excepted to the plea on the ground that it did not allege that the groceries were set apart for the use of plaintiff in discharge of the note sued on. Exception sustained ; judgment for plaintiff.

*T. W. Jones*, for appellant, argued that the petition should have alleged a demand of the groceries at Magnolia, and that although the objection was not made by exception, or assignment of error, yet as it went to the substance, the Court would consider it, for which he cited Wetmore v. Woodhouse, 10 Tex. R. 33.

To the point that it was not necessary in cases like this, to set apart the articles, counsel cited 2 Parsons on Cont. 159; Hughes v. Prewitt, 5 Tex. R. 264 ; Armstrong v. Tait, 8 Ala. R. 935 ; Sorrell v. Craig, Id. 566 ; 1 Stew. R. 272.

*J. E. Cravens,* for appellee, cited 1 Tex. R. 535 ; 5 Id. 264, and 11 Id. 457, to the point that the plea should have alleged that the articles were set apart for plaintiff's use.

WHEELER, J.    There is a distinction between notes like the present, for the payment of money, with the privilege of discharging the obligation in something else, and contracts for the payment of the debt absolutely in specific articles.    The distinction was taken by this Court in Chivaillier v. Burford, (1 Tex. R. 503,) and Baker v. Todd, (6 Id. 273,) where it was held, that a promise to pay a sum of money at a specified time, with a stipulation that it may be discharged in some specified articles, becomes an absolute promise to pay money, if payment be not made in the article specified on the day appointed. The rule is well illustrated by the case of Plowman v. Riddle, (7 Ala. R. 775,) where the suit was upon a note for the payment of a sum of money at a specified time, with the following stipulation : " which may be discharged in good leather," specifying the kinds and prices of the leather.    The defendant pleaded that, at the maturity of the note, he was ready at his tan yard, and had then, and ever since, a sufficient quantity of the kinds of leather mentioned in the note, to have discharged it according to its terms ; and averred a readiness and willingness to deliver the leather.    The Court held that the effect of the contract was not a promise to deliver leather of the quantity specified at the given time ; but that the contract was for money, with a privilege to the defendant to pay in leather, and that to avail himself of that privilege, he should have given notice to the plaintiff of his intention to do so.    Having omitted to give such notice until after the pay-day of the note, the contract became absolute for money.    The right of election was for the benefit of the defendant; and it was his duty, if he elected to deliver the leather in discharge of the contract, to give notice to the plaintiff of his readiness and willingness to do so.    When sued for the money he could not defeat the

action by proving the existence of a fact which was peculiarly within his own knowledge. The defendant was under no obligation to deliver the leather; and it being a condition inserted for his benefit, it was necessary that he should have given notice of his election to discharge the obligation in leather in due time; and the plea was held bad for not averring such notice. This case is cited and its authority fully approved by Mr. Eaton in his Supplement to Chipman on Contracts, (p. 221.) The only difference between that case and the present is, that here a place was specified for the delivery of the article. But in that case, the understanding doubtless was, and the Court so treated the contract, that the leather was to be delivered at the defendant's tan yard. The naming of a place of delivery does not affect the principle governing the contract. It was entirely optional with the payee whether he would pay in the article specified or not. It was his privilege, if he saw fit to exercise it; but whether he would do so or not, was known only to himself until the day of payment arrived. If he intended to avail himself of his privilege, it was but reasonable and just that he should signify his intention to the payee in time for the latter to attend at the place to receive the articles. It might require preparation on his part, and it would be unreasonable to require him to make preparations and go to receive the articles, before he was advised, and when it was wholly uncertain and optional with the debtor whether he would deliver them or not. It is in accordance with the dictates of justice and fair dealing, that the debtor should give notice of his intention, if he meant to deliver the articles, in order that the creditor should not be put to needless expense and trouble. The plea does not aver such notice, and we are of opinion, therefore, that it was rightly adjudged insufficient. The judgment is affirmed.

Judgment affirmed.